UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**06-60350**

CASE NO. _CR-COHN_    **MAGISTRATE JUDGE SNOW**

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 963
21 U.S.C. § 952
21 U.S.C. § 853
18 U.S.C. § 924(c)
18 U.S.C. § 924(d)(1)

FILED by _____ D.C.

DEC - 7 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA FT. LAUD.

UNITED STATES OF AMERICA

vs.

PROSPERE VERNET, a/k/a "Couz," a/k/a "Pete,"
MICKEY PUBIEN,
GARY BAPTISE, a/k/a "Method Man," a/k/a "G-baby,"
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"
JUAN AGUILAR a/k/a "Castro,"
MARISSA AUGUSTE,

KEVIN BAPTISTE, a/k/a "Kelvin,"
ALDRIAN BOWE, a/k/a "Jay," a/k/a "Jolly,"
BRUCE CANESTRA, a/k/a "White Boy Bruce,"
JEAN BERTRAND GUILLAUME,
KEVIN HILTON, a/k/a "Fats,"
JEAN R. JEANIS, a/k/a "Mitch,"

KEREND MONESTINE, a/k/a "Karen,"
CAHLIL PARRY, and

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

# SCANNED

## COUNT ONE

Beginning at least from on or about February 2006, and continuing through the date of the return of this Indictment, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**PROSPERE VERNET, a/k/a "Couz," a/k/a "Pete,"**
**MICKEY PUBIEN,**
**GARY BAPTISE, a/k/a "Method Man," a/k/a "G-baby,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**
**JUAN AGUILAR a/k/a "Castro,"**
**MARISSA AUGUSTE,**

**KEVIN BAPTISTE, a/k/a "Kelvin,"**
**ALDRIAN BOWE, a/k/a "Jay," a/k/a "Jolly,"**
**BRUCE CANESTRA, a/k/a "White Boy Bruce,"**
**JEAN BERTRAND GUILLAUME,**
**KEVIN HILTON, a/k/a "Fats,"**
**JEAN R. JEANIS, a/k/a "Mitch,"**

**KEREND MONESTINE, a/k/a "Karen,"**
**CAHLIL PARRY, and**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWO

Beginning at least from on or about February 2006, and continuing through the date of the return of this Indictment, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**PROSPERE VERNET, a/k/a "Couz," a/k/a "Pete,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**
**JUAN AGUILAR a/k/a "Castro," and**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT THREE

Beginning at least from on or about February 2006, and continuing through the date of the return of this Indictment, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PROSPERE VERNET, a/k/a "Couz," a/k/a "Pete,"**
**MICKEY PUBIEN,**
**GARY BAPTISE, a/k/a "Method Man," a/k/a "G-baby,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**
**ALDRIAN BOWE, a/k/a "Jay," a/k/a "Jolly,"**
**BRUCE CANESTRA, a/k/a "White Boy Bruce," and**
**CAHILL PARRY,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and

3

others known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine."

### COUNT FOUR

On or about July 23, 2006, in Broward County, in the Southern District of Florida, the defendants,

**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and**
**KEVIN HILTON, a/k/a "Fats,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable amount of cocaine.

### COUNT FIVE

From on or about July 25, 2006, through on or about August 2, 2006, in Broward County, in the Southern District of Florida, the defendants,

**MICKEY PUBIEN, and**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the

4

controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT SIX

On or about July 26, 2006, in Broward County, in the Southern District of Florida, the defendant,

**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine."

## COUNT SEVEN

On or about August 19, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete," and**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT EIGHT

On or about August 23, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete," and**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT NINE

On or about September 2, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and**
**MARISSA AUGUSTE,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TEN

On or about September 4, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and**
**BRUCE CANESTRA, a/k/a "White Boy Bruce,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled

6

substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT ELEVEN

On or about September 5, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete," and
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT TWELVE

From on or about September 6, 2006, through on or about September 7, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete," and
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT THIRTEEN

On or about September 10, 2006, in Broward County, in the Southern District of Florida, the

defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and
BRUCE CANESTRA, a/k/a "White Boy Bruce,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the

controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and

substance containing a detectable amount of cocaine.

### COUNT FOURTEEN

On or about September 11, 2006, in Broward County, in the Southern District of Florida, the

defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete," and
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the

controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and

substance containing a detectable amount of cocaine.

### COUNT FIFTEEN

On or about September 12, 2006, in Broward County, in the Southern District of Florida, the

defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and
KEREND MONESTINE, a/k/a "Karen"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled

8

substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT SIXTEEN

On or about September 15, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"**



did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT SEVENTEEN

On or about September 17, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and**
**BRUCE CANESTRA, a/k/a "White Boy Bruce,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT EIGHTEEN

On or about September 18, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT NINETEEN

On or about September 27, 2006, in Broward County, in the Southern District of Florida, the defendants,

**MICKEY PUBIEN, and**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, Unifed States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY

From on or about September 17, 2006, through on or about October 1, 2006, in Broward and Miami-Dade Counties, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz," a/k/a "Pete,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**
**JUAN AGUILAR a/k/a "Castro,"**
**MARISSA AUGUSTE, and**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-ONE

From on or about October 16, 2006, through on or about October 18, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete," and**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-TWO

From on or about October 19, 2006, through on or about October 20, 2006, in Broward County, in the Southern District of Florida, the defendants,

**MICKEY PUBIEN, and
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-THREE

On or about October 23, 2006, in Broward County, in the Southern District of Florida, the defendants,

**GARY BAPTISE, a/k/a "Method Man," a/k/a "G-baby,"
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"
ALDRIAN BOWE, a/k/a "Jay," a/k/a "Jolly,"and**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-FOUR

On or about October 25, 2006, in Broward County, in the Southern District of Florida, the defendants,

**GARY BAPTISE, a/k/a "Method Man," a/k/a "G-baby," and**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-FIVE

On or about November 1, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete," and**
**MICKEY PUBIEN,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-SIX

On or about November 4, 2006, in Broward County, in the Southern District of Florida, the defendants,

**GARY BAPTISE, a/k/a "Method Man," a/k/a "G-baby,"**
**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and**
**KEVIN BAPTISTE, a/k/a "Kelvin,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled

13

substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-SEVEN

From on or about November 7, 2006, through on or about November 14, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz" a/k/a "Pete,"
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"
ALDRIAN BOWE, a/k/a "Jay," a/k/a "Jolly,"
CAHLIL PARRY, and
KEVIN HILTON, a/k/a "Fats,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT TWENTY-EIGHT

On or about November 8, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz," a/k/a "Pete,"
LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT TWENTY-NINE

On or about November 13, 2006, in Broward County, in the Southern District of Florida, the defendants,

**PROSPERE VERNET, a/k/a "Couz," a/k/a "Pete," and**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT THIRTY

On or about December 6, 2006, in Broward County, in the Southern District of Florida, the defendants,

**LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke," and**
**KEVIN HILTON, a/k/a "Fats"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that the controlled substance, in fact, consisted of five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, and, pursuant to Title 21, United States Code, Section 841(b)(1)(A) it is further alleged that the controlled substance also, in fact, consisted of fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base.

## COUNT THIRTY-ONE

On or about July 26, 2006, in Broward County, in the Southern District of Florida, the defendant,

### LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke,"

did knowingly possess a firearm, that is, a Glock .40 caliber, Model 27, semi-automatic handgun, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Counts One, Three, Five and Six of this Indictment; all in violation of Title 18, United States Code, Section 924(c).

## COUNT THIRTY-TWO

On or about October 18, 2006, in Broward County, in the Southern District of Florida, the defendant,

did knowingly carry a firearm, that is, Ruger .357 magnum revolver, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Counts One and Twenty-One of this Indictment, and did possess said firearm in furtherance of such crime; all in violation of Title 18, United States Code, Section 924(c).

## FORFEITURE

a.      The allegations of Counts One through Thirty-Two of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which one or more of the defendants has an interest, pursuant to the provisions of Title 21, United States Code, Section 853 and Title 18, United Stated Code Section 924(d)(1) as incorporated by Title 28, United States Code, Section 2461(c).

b.      Upon conviction of any of the violations alleged in Counts One through Thirty-two the defendant shall forfeit to the United States any property constituting or derived from any

16

proceeds which the defendant obtained, directly or indirectly, as the result of such violations, and any property which the defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violations.

c.        Upon conviction of any violation of 18 USC 924(c) the defendant shall forfeit to the United States any firearm or ammunition involved in or used in the commission of said violation.

d.        The property subject to forfeiture includes but is not limited to: (1) a .40 caliber Glock Model 27 handgun bearing serial number CAB811; and (2) a Ruger .357 Magnum Revolver.

All pursuant to Title 21, United States Code, Section 853 and Title 18, United Stated Code, Section 924(d)(1) as incorporated by Title 28,  United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
JULIA J. VAGLIENTI
ASSISTANT UNITED STATES ATTORNEY

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO. _____

vs.

~~████████████~~, et al.
                    Defendants.            **CERTIFICATE OF TRIAL ATTORNEY***

_____/          **Superseding Case Information:**

**Court Division:** (Select One)            New Defendant(s)         Yes _____   No _____
                                            Number of New Defendants
____ Miami   ____ Key West                  Total number of counts   _____
_X_ FTL      ____ WPB      ____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:      (Yes or No)        _Yes_

     List language and/or dialect        _Creole_
4.   This case will take      _45_      days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _X_ | Felony | _X_ |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No)   _No_
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)   _No_
If yes:
Magistrate Case No.
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) _____
7.   Does this case originate from a matter pending in the U.S. Attorney's Office prior to
     April 1, 2003?      _____ Yes   _X_ No

8.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to
     April 1, 1999?      _____ Yes   _X_ No
     If yes, was it pending in the Central Region?      _____ Yes      _____ No

9.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to
     October 14, 2003?      _____ Yes   _X_ No

10.  Does this case originate from a matter pending in the Narcotics Section (Miami) prior to
     May 18, 2003?      _____ Yes   _X_ No

                                   _____
                                   JULY J. VAGLIENTI
                                   ASSISTANT UNITED STATES ATTORNEY
                                   Court I.D. No. A55000485

*Penalty Sheet(s) attached                                   REV.1/14/04

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **PROSPERE VERNET, a/k/a "Pete"**          Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max.Penalty**: Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 2

Conspiracy to Import Cocaine

21 U.S.C. §§ 952 and 963

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 3

Conspiracy to Possess with the Intent to Distribute Cocaine Base

21 U.S.C. §§ 841(a)(1) and 846

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Counts #: 7-18; 20; 21; 25; 27; 28; 29; 30

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty:**      Maximum term of forty (40) years' imprisonment with a mandatory minimum term of five (5) years' imprisonment; $2,000,000 fine; four (4) years' supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: MICKEY PUBIEN**              Case No:_____

Count #: 1

Conspiracy to Possess witht he Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max. Penalty:**  Maximum term of life imprisonment with a mandatory minimum term of ten years' imprisonment; $,000,000 fine; five (5) years' supervised release

Count #: 3

Conspiracy to Possess with the Intent to Distribute Cocaine Base

21 U.S.C. §§ 841(a)(1) and 846

**\*Max. Penalty:**  Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,00 fine; five (5) years' supervised release

Counts  #: 5; 19; 22; 25

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a0(1)

**\*Max. Penalty:**  Maximum term of forty (40) years' imprisonment with a mandatory minimum term of five (5) years' imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #:

_____

_____

**\*Max. Penalty:**

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: GARY BAPTISE, a/k/a "Method Man," a/k/a "G-Baby"**

**Case No:** _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max.Penalty**: Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 3

Conspiracy to Possess with the Intent to Distribute Cocaine Base

21 U.S.C §§ 841(a)(1) and 846

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years supervised release

Counts #: 23; 24; 26

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty:** Maximum term of forty (40) years' imprisonment with a mandatory minimum term of five (5) years' imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #:

_____

_____

**\*Max. Penalty:** _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke"

**Case No:** _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 2

Conspiracy to Import Cocaine

21 U.S.C. §§ 952 and 963

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years'; 44,000,000 fine; five (5) years' supervised release

Count #: 3

Conspiracy to Possess with the Intent to Distribute Cocaine Base

21 U.S.C. §§ 841(a)(1) and 846

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 4

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty:** Maximum term of twenty (20) years' imprisonment; $1,000,000 fine; three (3) years' supervised release

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** LUCKNER MONESTINE, a/k/a "Black Boy," a/k/a "Luke"

Counts #: 5; 7-19; 22; 23; 24; 26-28

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. §841(a)(1)

**\*Max. Penalty**: Maximum term of forty (40) years' imprisonment with a mandatory minimum term of five (5) years' imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #: 20

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. §841(a)(1)

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 30

Possession with the Intent to Distribute Cocaine

21:U.S.C. §841(b)(1)(A)

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 31

Possession of a firearm in furtherance of a drug trafficking crime

18 U.S.C. § 924(c)

**\*Max. Penalty:**  Mandatory five (5) years' imprisonment imposed consecutively; $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines,
    restitution, special assessments, parole terms, or forfeitures that may be applicable.**

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: JUAN AGUILAR, a/k/a "Castro"**

**Case No:** _____

Count #: 1

Conspiracy to Possess with he Intent to Distribute Cocaine

21 U.S.C. §§ 841(a0(1) and 846

**\* Max.Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years; imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 2

Conspiracy to Import Cocaine

21 U.SC. §§ 952 and 963

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,00 fine; five (5) years' supervised release

Count #: 20

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #:

_____

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: MARISSA AUGUSTE**

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max.Penalty: Maximum** term of life imprisonment with a mandatory minimum of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 9

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty: Maximum** term of forty (40) years' imprisonment with a mandatory minimum term of five(5) years imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #: 20

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty: Maximum** term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #:

_____

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: KEVIN BAPTISTE, /ak/a "Kelvin"**

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max.Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten years' imprisonment; $4,000,000 fine; five (5) years' supervise release

Count #: 26

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. 841(a)(1)

**\*Max. Penalty:** Maximum term of forty (40) years' imprisonment with a mandatory minimum term of five years' imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: ALDRIAN BOWE, a/k/a "Jay," a/k/a "Jolly"**

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 8u41(a)(1) and 846

**\* Max.Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 3

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 8u41(a)(1) and 846

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 23; 27

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty:** Maximum term of forty (40) years' imprisonment with a mandatory minimum term of five (5) years' imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #:

_____

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** BRUCE CANESTRA, a/k/a "White Boy Bruce"

**Case No:** _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 3

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Counts #: 10; 13; 17

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty:** Maximum term of forty (40) years' imprisonment with a mandatory term of five (5) years' imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #:

_____

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JEAN BERTRAND GUILLAUME

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max. Penalty:**  Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** KEVIN HILTON, a/k/a "Fats"

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

\* **Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 4

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

\***Max. Penalty:** Maximum term of twenty (20) years' imprisonment; $1,000,000 fine; three (3) years' supervised release

Count #: 27

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

\***Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) Years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 30

 Possession with the Intent to Distribute Cocaine

21 U.S.C. § 841(b)(1)(A)

\***Max. Penalty:** Maximum term of life imprisonment with a mandatory minimum term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** JEAN R. JEANIS, a/k/a "Mitch"

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **KEREND MONESTINE, a/k/a "Karen"**

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max. Penalty:** Maximum term or life imprisonment with a mandatory minimum of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 15

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. § 841(a)(1)

**\*Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) Years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #:

_____

_____

**\*Max. Penalty:**

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **CAHLIL PARRY**

Case No: _____

Count #: 1

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\* Max. Penalty:** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 3

Conspiracy to Possess with the Intent to Distribute Cocaine

21 U.S.C. §§ 841(a)(1) and 846

**\*Max. Penalty: :** Maximum term of life imprisonment with a mandatory term of ten (10) years' imprisonment; $4,000,000 fine; five (5) years' supervised release

Count #: 27

Distribute and Possess with the Intent to Distribute Cocaine

21 U.S.C. §841(a)(1)

**\*Max. Penalty:** Maximum term of forty (40) years' imprisonment with a mandatory term of five (5) years' imprisonment; $2,000,000 fine; four (4) years' supervised release

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**