UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

JUL 20 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

    Plaintiff,

Case No:
06-60305cr-COHN/SELTZER

v.

KEVIN BAPTISTE

    Defendant.

_____/

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

COMES NOW, KEVIN BAPTISTE, (herein after "Defendant"), proceeding pro se, and pursuant to 18 U.S.C. § 3583(e), respectfully moves this Honorable Court to terminate his term of supervised release, and in support thereof, states the following:

### RELEVANT FACTUAL BACKGROUND

On August 3, 2007, Defendant pleaded guilty to Counts 1 and 26 of an indictment, respectively charging him with: Conspiracy with intent to distribute more than five kilograms of cocaine in violation of 21 USC § 841(a)(1)(B)(1)(A), and Possession with intent to distribute more than 500 grams of cocaine in violation of 21

1

USC § 841 (a)(1)(b)(1)(B). On October 25, 2007, Defendant was sentenced to 160 months to the custody of the Federal Bureau of Prisons, to be followed by five years supervised release.

On May 11, 2015, Honorable Judge Cohn issued an order granting Defendant's Motion for Reduction of Sentence under 18 USC § 3582(c)(2), thereby reducing Defendant's sentence to 130 months. (Doc. 801)

On January 7, 2016, Defendant was released to the halfway house, and on July 24, 2016, he began to serve his five year term of supervised release.

## ARGUMENT

Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides, that the court may, after considering the factors set forth in said section of the USC, may terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1).

Defendant urges this Court to consider the following undisputed facts required by law for him to obtain relief. To demonstrate his deep regret for his past criminal conduct, Defendant pleaded guilty and cooperated fully with the government's prosecution of his case. While in the custody of the Federal Bureau of Prison, Defendant vigorously participated in many of the BOP's educational programs designed to help him progress to towards rehabilitation. As a result, Defendant had obtained his GED certificate and other certificates necessary to further his efforts at full rehabilitation.

From the time of his release, Defendant has fully complied with all rules of the halfway house. He has maintained a stable residence and has been gainfully employed, thus manifesting his determination to achieve the status of a being considered a productive and law-abiding member of his community.

Finally, Defendant urges the Court to carefully consider and value the fact that his cooperation with the government reflected his determination to permanently refrain from any and all criminal activities. As such, he has made up his mind not to engage in any activity that would pose any danger to his community, but instead would become an asset thereof.

Defendant has complied fully with all the conditions of his term of supervised release to the satisfaction of his probation officer.

Thus, the "conduct of the defendant" from the time of his guilty plea and full cooperation with the government, along with his diligent efforts towards rehabilitation, would justify an action by this Court to terminate Defendant's his term of supervised release. 18 USC § 3583(e)(1).

WHEREFORE, in the interest of justice, Defendant respectfully moves this Honorable Court to issue an order terminating his term of supervised release.

Respectfully submitted:

KEVIN BAPTISTE, Pro Se
1062 Long Island Ave,
Fort Lauderdale, FL 33313

DATED: 20th day of July, 2018